Dow, J.
The city of Bellefontaine, by its solicitor, William W. Riddle, under the provisions of Section 1774, Revised Statutes of Ohio, and by 'authority of the resolution of the city council, brings this action against William T. Haviland, alleging that the defendant, ever since the first Monday of May, 1903, has been and now is the mayor of said city; that on the 11th of December, 1902, the council thereof passed an ordinance fixing the salary of the mayor in the following terms, to-wit, “the mayor of said city shall receive, in addition to legal fees otherwise authorized by law, a salary of three hundred dollars per annum”; that between the first Monday of May, 1903, and the 14th day of October, 1904, said defendant, as such mayor, received fees or costs from divers persons convicted before him for violation of ordinances, the sum of $483.60, which coste were the same in amount as authorized by law to be charged by justices- of the peace for similar services; that no ordinance was ever passed by the council fixing the costs of the mayor of said city in hearing and determining prosecutions for the *100 violation of' the penal ordinances thereof; that the defendant has wrongfully detained from the treasury of said city said sum of money, and judgment is asked for the amount.
A general demurrer has been filed by the defendant to the petition. Two reasons- are given in argument, upon the part of the defendant, why the demurrer should be sustained and the petition dismissed:
First. Because the mayor is authorized by law to collect and retain the fees for which this action is brought.
Second. That if the mayor was without authority to collect the fees sued for, by reason of the failure of council to first fix and determine by ordinance what fees or costs the mayor was authorized to tax against a defendant, then the city is without authority to collect the same from the mayor.
If either of these propositions, claimed by the defendant, is determined in his favor, the demurrer would have to be sustained and the petition dismissed.
We will first examine and determine the second proposition. It is claimed, upon the part of the plaintiff, that under the provisions of Section 126 of the Municipal Code, 96 Ohio Laws, page 61, being Section 1536-633 of the Revised Statutes, that these fees sued for should be paid into the city treasury and that a right of action has aerrued to the city therefor. This section reads as follows:
“Council shall fix the salaries of all officers-, clerks and employes in the city government except as otherwise provided in this act; and, except as otherwise provided in this act, all fees pertaining to any office shall be paid into the city treasury. ’ ’
It will be noted that this section provides that all fees pertaining to an office, except as otherwise provided, shall be paid into the city treasury. What fees, under the provisions of this section, if any, pertaining to his office, was the mayor authorized to collect, and, as claimed, should have been paid into the city treasury? Evidently, -only such, fees as he was authorized, as mayor, to receive or collect. Fees do not pertain to an office for services unless they are prescribed by law. ,
Clark v. Commissioners, 58 O. S., 107: I read only one sentence from the opinion of the court:
*101 “It is well settled that a public officer is not entitled to receive pay for services out of the public treasury, unless there is some statute authorizing the same. Services performed for the public where no provision is made by statute for the payment, are regarded as a gratuity or as being compensated by the fees, privileges and emoluments accruing to such officer, in matters pertaining to Ms office.” 3d Nisi Prius, 112.
Section 1536-790, being Section 1843 of the Revised Statutes, prescribes how the mayor’s fees shall be fixed, as follows (that is, mayor’s fees of cities and villages) :
“The costs of the mayor and other officers, in all eases, shall be fixed by ordinance, but in no case greater than the fees for similar services before justices of the peace, and in ease of conviction, the fees of officers, jurors and witnesses shall be taxed against the parties convicted, and in case of acquittal of the violation of an ordinance, the costs, except the fees of the mayor and marshal, shall be taxed against the corporation. ’ ’
- It is admitted in paragraph 3 of the petition that no ordinance was ever passed by the council of said city, nor does any ordinance exist in the city, fixing or prescribing the rights or fees of the mayor of the city for his services as such, rendered in hearing and determining prosecutions for violation of penal ordinances of the city.
If the mayor was without authority to tax and collect such costs, unless an ordinance had first been passed, authorizing such taxation and collection, then the city is also without authority to receive and retain such costs, for the same reason.
. The fees that the mayor is required to pay into the city treasury under Section 126 of the code, are the legal fees and not the fees collected from defendants without authority of law. I am of the opinion that the mayor was without authority to tax or collect from defendants for violation of ordinances any sum whatever as fees or costs until the council had first determined, by ordinance, the amount he should so tax. If any person is authorized to recover such costs from the mayor, it is the parties who have been illegally required to pay the same.
This ease being submitted upon demurrer and the only question necessary to the determination thereof being the right of *102 the plaintiff to recover upon the averments of the petition, and being of the opinion that the mayor was without authority to tax or collect any such fees until council shall have complied with Section 1843 of the Revised Statutes fixing the fees, I hold that the city is also without authority to collect or receive the same.
The question as to whether the mayors of cities have the right to retain costs collected from defendants in cases for the violation of ordinances, or whether the same should be paid into the city treasury, is one that the court might decline to decide at this time, for the reason that the determination thereof, can not affect the judgment upon the demurrer, but, in view of the fact that the city will probably pass the necessary ordinance, fixing the fees of the mayor in ordinance cases, as provided in said Section 1843, now Sub-section 790 of Section 1536, which was unrepealed by the code, then the question will arise whether the costs of the mayor in such cases should be paid into the city treasury, as provided in Section 126 of the code, or whether under the provisions of Section 1751, Revised Statutes, he is entitled to receive the same. This being an important question, I have concluded to pass on this ground of the demurrer as well as the other.
It is claimed, upon the part of the plaintiff that while this section has not been expressly repealed by the code, it has been impliedly repealed by the provisions of Section 126 thereof, the section I have just read; and, upon the part of the defendant, the mayor, it is claimed that said section (126), which provides that “except as otherwise provided in this act, all fees pertaining to an office shall be paid into the city treasury,” saves to all mayors all fees under the provisions of Section 1751, which reads that “All fines and forfeitures which may be collected by the mayor, or which may, ■ in any manner come into his hands, and all moneys which may be received by him in his official capacity, other than his fees of office, shall be paid over to the treasury of the corporation weekly.” It is also claimed by the defendant that repeals by implication not being favored in law, this section authorizing his retaining the same, comes within the exception of Section 126.
*103 In construing the statute, where the provisions are somewhat conflicting, and in fact in all cases, the court should look to the intention of the Legislature in enacting the same, the evil, if any, sought to be remedied thereby, and in doing this the whole act must be looked to. This, I have found to be no easy task, with so many inconsistent provisions that have found their way into the code by reason of the amendments incorporated into it by the Legislature. If the code had been passed as prepared by Governor Nash and Attorney-General Ellis, no such inconsistencies would have' been found.
The powers and duties of the mayors of cities and that of villages are greatly different; they are classified under different sections.
Section 129 of the code is under the classification of cities and the executive officers thereof, and reads:
‘ ‘ The mayor shall be the chief conservator of the peace within the corporation and shall have such other duties and powers as are conferred and required in Sections 1746, 1747 and 1748 of the Revised .Statutes of Ohio, such as are provided in this act and all other acts or parts of acts, applying to all cities of the state and not inconsistent herewith.”
And again in Section 231 of the code, after enumerating the sections and parts of sections repealed, in the last sentence of the act; we find these significant words:
“This act shall supersede all acts and parts of acts not herein expressly repealed, which are inconsistent herewith.”
So that the only question to determine in case Section 1843. of the Revised Statutes, being now Sub-section 790, applies to cities, and the council by ordinance shall prescribe the mayor’s fees, is, whether Section 1751, Revised Statutes, which has not been expressly repealed, nor expressly incorporated into the code, is inconsistent with the provisions thereof, so far as applicable to the powers and duties of mayors of cities thereunder. After a careful reading of the code, I am of the opinion that the Legislature intended to limit the compensation of mayors of cities to his salary in all cases for violation of ordinance thereof, and that his legal fees should be paid into the city treasury.
*104 Section 126 reads:
“Except as otherwise provided in this act, all fees pertaining to an office shall be paid into the city treasury.”
Section 1751 was not made a part of this act by the code, so far as the government of cities are concerned; but by the authority of Section 200 is expressly limited to the executive powers of the. mayors of villages.
Section 200 provides:
“The mayors of villages shall be the chief conservators of the peace within the corporations and shall have such other powers and perform such other duties as are conferred and required in Sections 1746, 1747, 1748, 1750 and 1751, and he shall receive such fees as are prescribed in Section 1843.”
Section 1751, under which it is claimed the mayor is entitled to retain his fees, is not incorporated in the section relating to mayors of cities, but isi, in relation to mayors of villages, and authorizes the retaining of fees provided for in Section 1843.
Section 129, relating to the powers and duties of mayors oji cities, nowhere authorizes him, in addition to his salary, to receive and retain fees provided in Section 1843, and does not give him the powers mentioned in Section 1751, which is limited to mayors of villages only.
Hence, the conclusion I have arrived at is that while mayors of villages are expressly authorized to retain legal fees, in addition to his salary, mayors of cities, not being so authorized, can not legally retain the same. The reason moving the Legislature to this was to render the judgments of mayors’ courts more impartial than they have been in some cities in the state, removing any ground for the imputation of selfish motives in their judgments and sentences.
The cause for differences of opinion upon this question of mayor’s fees has greatly grown out of the manner in which the code, as we find it enacted by the Special Legislature, being 96th volume of Ohio Laws, has been codified by the compilers of Bates’ Revised Statutes, having mixed up what applies to villages and what applies to cities indiscriminately, whereas a special study of the code as passed, in which the powers of cities and villages are separately classified, will lead one to see *105 the distinction and the purpose of the Legislature more clearly. As before stated, however, this being a general demurrer, the mayor being without authority to collect fees in- ordinance eases until council shall have first prescribed the fees by the passage of an ordinance, the demurrer of the defendant will have to be sustained; otherwise it would have been overruled.
W. W. Biddle, City Solicitor, for plaintiff.
■ S. H. West, for defendant.
It is due to the mayor to say that in the collection of fees he has been following the custom of his predecessors, supposing that council had fixed the fees he was authorized to tax and collect. It is also due to the mayor and the city officers to say that in fixing the salary of the mayor at the small sum of three hundred dollars, it was supposed that he was entitled, in addition thereto, to the fees of the office.
Demurrer to the petition will be sustained and petition dis^ missed.